

# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

BILLY WAYNE DRYDEN, ET AL.

versus

JOHN T. TARVER, ET AL.

CIVIL ACTION NO. 07-2048
JUDGE TOM STAGG

## MEMORANDUM RULING

Before the court is a motion to remand filed by the plaintiffs, Billy Wayne Dryden, Fern Dryden, David Baumgardner, Geraldine Baumgardner, Janice Haynie, John Cloud, Sylvia Parker, and Charlotte Woodall, collectively referred to as "the plaintiffs." See Record Document 6. Also before the court is a motion to dismiss for failure to join an indispensable party pursuant to Rule 19(a) of the Federal Rules of Civil Procedure, filed by the defendants John Tarver and Douglas Harris, collectively referred to as "the defendants." See Record Document 4. For the reasons stated below, the plaintiffs' motion to remand is **DENIED**, and the defendants' motion to dismiss is **DENIED**.

## I. BACKGROUND

This case stems from a disagreement between the parties concerning a former railroad right-of-way. L & A Trail, Inc. ("L & A Trail") acquired rights to a portion of the right-of-way formerly owned by the Kansas City Southern Railway pursuant to 16 U.S.C § 1247(d), commonly referred to as the "Rails-to-Trails Act."[1] The plaintiffs in the instant suit are some of the owners of the underlying property over which this right-of-way traverses. On or about March 29, 2007, some of the plaintiffs in the instant suit entered into a consent judgment, signed by this court, with L & A Trail.[2] In the consent judgment, the defendant property owners were "enjoined and restrained from engaging in any actions whatsoever that may obstruct or cause damage to the L & A Trail, or that may otherwise interfere with or impede the lawful usage of the right-of-way by L & A Trail, Inc." Record Document 1, Ex. 2 at 2.

---

[1] This portion of the right-of-way is called the L & A Trail.

[2] L & A Trail, Inc. was plaintiff in the suit which resulted in the consent judgment. Billy Wayne Dryden, Fern Dryden, and John Cloud–all of whom are plaintiffs in the instant suit–as well as Marco Chavez, Stephanie Chavez, and Welch Cloud were defendants in that case.

On October 4, 2007, the plaintiffs filed a petition in the Second Judicial District Court of Louisiana, alleging that the defendants, John Tarver and Douglas Harris[3] dug a ditch across the dirt road on the property of two of the plaintiffs.[4] The plaintiffs allege that this road, which was rendered inoperable by the ditch, was the only access to the homes and/or properties of each of the plaintiffs. In the petition, the plaintiffs further claim that despite a warning given to the defendants to not cut the water and phone lines buried under the ground adjacent to the roadway, the defendants cut said utility lines when digging the ditch, preventing three of the plaintiffs from receiving telephone and water service to their homes. In their complaint the plaintiffs seek damages and costs to repair the dirt road and the utility lines and an injunction against the defendants prohibiting them from interfering with the plaintiffs' activities on their property as long as such activities do not impede the use of the right-of-way by L & A Trail. See Record Document 6, Ex. 1 at 3-4.

---

[3]John Tarver is the president and a shareholder of L & A Trail, Inc. From the record, it is not clear to the court what, if any, role Douglas Harris has in the corporation.

[4]According to Tarver, a man named Jimmy Williams was instructed to remove a portion of the dirt road in question, and Williams complied with said instruction on July 23, 2007.

The defendants then filed a notice of removal on November 21, 2007, claiming that this court has federal question jurisdiction over this matter because it specifically implicates the Rails-to-Trails Act. See Record Document 1.

## II. LAW AND ANALYSIS

**A.     Motion To Remand.**

Pursuant to 28 U.S.C. § 1441(b), a defendant may remove to federal court "any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States." The defendant bears the burden of proving that such federal question jurisdiction exists. See In re Hot-Hed Inc., 477 F.3d 320, 323 (5th Cir. 2007) (citations and quotations omitted). "A federal question exists if there appears on the face of the complaint some substantial, disputed question of federal law." Id.; see also PCI Transp., Inc. v. Fort Worth & W. R.R. Co., 418 F.3d 535, 543 (5th Cir. 2005). Generally, a case is not removable if the complaint does not affirmatively allege a federal claim. See PCI, 418 F.3d at 543. Possible defenses do not provide an adequate basis for removal. See id.

In their notice of removal, the defendants argue that this court has federal question jurisdiction over the instant case because the Rails-to-Trails Act, a federal law, provides the basis for the continued existence of the easement which is at the center of this dispute. See Record Document 1 at 2-3. The plaintiffs' allegations involve the proper use of the former railroad right-of-way, and defendants argue that this suit essentially is a continuation of the same dispute which led to the aforementioned consent judgment. See id. In response, the plaintiffs argue in their motion to remand that the instant suit is simply a personal action involving an intentional tort, which is a state law cause of action. See Record Document 6 at 1. Thus, they claim that only state law is implicated in their complaint and that the defendants are asserting a federal claim as a defense. See id. at 2.

The court must decide first whether a substantial, contested issue of federal law exists on the face of the plaintiffs' complaint. In addition to suing for damages resulting from the cutting of the ditch across the dirt road, the plaintiffs argue that they

> are entitled to a Preliminary Injunction and finally a Permanent Injunction against the Defendants prohibiting them, their agents, assigns, employees, from, in any way, interfering with the rights of the Plaintiffs, herein, including the right to enter and traverse any right of

> way at any point on their own respective properties the [r]ight to the total free use and access to their own properties, building or constructing any roads, ditches, culverts or any other constructions on their own property as long as those constructions do not obstruct or cause damage to the L & A Trail, or interfere or impede with the lawful use of the right of way of the L & A Trail.

Record Document 1, Ex. 1 at 3-4. First, the language at the end of this passage mirrors that of the consent judgment previously issued by this court regarding the usage of the right-of-way by the parties. Second, whether or not such an injunction can be issued necessarily involves a determination of what constitutes proper usage of the right-of-way and the property underlying it. Third, such a request also implicates the issue of whether the dirt road lawfully exists; such a decision is necessary to determine whether an intentional tort was even committed. All of this hinges on the rights both granted to L & A Trail through the Rails-to-Trails Act and agreed upon by the parties in the previously issued consent judgment.

Given that a substantial question of federal law exists in this case, the plaintiffs' motion to remand therefore is **DENIED**.

**B.    Motion To Dismiss.**

The defendants filed a motion to dismiss for failure to join an indispensable party pursuant to Rule 19(a) of the Federal Rules of Civil Procedure. See Record

Document 4. "Under Rule 19, a person subject to process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined if: (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." Brown v. Pac. Life Ins. Co., 462 F.3d 384, 393 (5th Cir. 2006). Therefore, "[a] prerequisite to a proper dismissal for failure to join an indispensable party is that the absent party, if added, would divest the court of subject-matter jurisdiction." August v. Boyd Gaming Corp. 135 F. App'x 731, 732 (5th Cir. 2005); see also Brown, 462 F.3d at 393; HS Resources, Inc. v. Wingate, 327 F.3d 432, 439 (5th Cir. 2003).

Because federal jurisdiction in this case, as explained above, is based on a substantial question of federal law, not complete diversity of parties, joinder of L & A Trails would not destroy federal jurisdiction. Thus, the defendants' motion is

7

**DENIED**. In addition, after the defendants filed their motion to dismiss, L & A Trails filed a motion to intervene, which was granted on February 1, 2008. See Record Document 20. Pursuant to the granting of that motion, L & A Trails is a party to this case, and as such, the court need not order joinder.

### III. CONCLUSION

Based on the foregoing analysis, the plaintiffs' motion to remand (Record Document 6) is **DENIED**. Also based on the foregoing analysis, the defendants' motion to dismiss (Record Document 4) is **DENIED**.

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 22nd day of April, 2008.

_____
JUDGE TOM STAGG