U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

MAY 0 1 2009

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

---

BILLY WAYNE DRYDEN, ET AL.

versus                                                      CIVIL ACTION NO. 07-2048
                                                            JUDGE TOM STAGG
JOHN T. TARVER, ET AL.

---

# MEMORANDUM RULING

Before the court are court are two motions for summary judgment. See Record Documents 31 and 44. In the first, John Tarver and Douglas Harris, collectively referred to as "the defendants," seek to enforce a March 29, 2007, consent judgment and to prohibit the plaintiffs from accessing the L & A Trail right-of-way without a crossing agreement. See Record Document 31 at 21. In the second, Billy Wayne Dryden, Fern Dryden, David Baumgardner, Geraldine Baumgardner, Janice Haynie, John Cloud, Sylvia Parker, and Charlotte Woodall, collectively referred to as "the plaintiffs," seek to dismiss L & A Trail Inc.'s ("L & A Trail") petition in intervention, to dismiss John Tarver's counterclaim, and/or to remand this case to state district court.[1] See Record Document 43. Based on the

---

[1] The plaintiffs move for Rule 60 relief from a previous order by this court which denied the plaintiff's motion to remand. See Record Document 23.

following analysis, the case will be **REMANDED** to the Second Judicial District Court, Bienville Parish, Louisiana.

## I. BACKGROUND

This case stems from a dispute concerning a former railroad right-of-way. L & A Trail, Inc. ("L & A Trail") acquired rights to a portion of the right-of-way formerly owned by the Kansas City Southern Railway pursuant to 16 U.S.C. § 1247(d), commonly referred to as the "Rails-to-Trails Act."[2] The plaintiffs in the instant suit are some of the owners of the underlying property on which the original railroad right-of-way was granted. During prior litigation, several of the plaintiffs entered into a consent judgment, signed by this court on March 29, 2007, with L & A Trail.[3] In the consent judgment, the defendant property owners were "enjoined and restrained from engaging in any actions whatsoever that may obstruct or cause damage to the L & A Trail, or that may otherwise interfere with or impede the lawful usage of the right-of-way by L & A Trail, Inc." Record Document 1, Ex. 2 at 2.

---

[2]This portion of the right-of-way is called the L & A Trail.

[3]L & A Trail, Inc. was plaintiff in the suit which resulted in the consent judgment. Billy Wayne Dryden, Fern Dryden, and John Cloud– all of whom are plaintiffs in the instant suit–as well as Marco Chavez, Stephanie Chavez, and Welch Cloud were defendants in that case.

2

On October 4, 2007, the plaintiffs filed a petition in the Second Judicial District Court of Louisiana, alleging that defendants, John Tarver and Douglas Harris,[4] dug a ditch across the dirt road on the property of two of the plaintiffs.[5] The plaintiffs allege that this road, which was rendered inoperable by the ditch, was the only access to the homes and/or properties of each of the plaintiffs. The plaintiffs further claim that despite a warning given to the defendants not to cut the water and phone lines buried under the ground adjacent to the roadway, the defendants cut the utility lines when digging the ditch, preventing three of the plaintiffs from receiving telephone and water service to their homes. The plaintiffs seek damages and costs to repair the dirt road and the utility lines and an injunction against the defendants prohibiting them from interfering with the plaintiffs' activities on their property as long as such activities do not impede the use of the right-of-way by L & A Trail. See Record Document 6, Ex. 1 at 3-4.

---

[4]John Tarver ("Tarver") is the president and a shareholder of L & A Trail, Inc. From the record, it is not clear to the court what role, if any, Douglas Harris has in the corporation.

[5]According to Tarver, a man named Jimmy Williams ("Williams") was instructed to remove a portion of the dirt road in question, and Williams complied with said instruction on July 23, 2007.

3

The defendants filed a notice of removal on November 21, 2007, claiming that this court has federal question jurisdiction over this matter because it presents a substantial question of federal law, specifically implicating the Rails-to-Trails Act. See Record Document 1 at 4. On January 21, 2008, the plaintiffs filed a motion to remand, claiming that this court lacks subject matter jurisdiction over their intentional tort action. See Record Document 6. In their memorandum in opposition to remand, the defendants argued that the plaintiffs intentionally failed to plead certain facts that would permit federal question jurisdiction. Essentially agreeing with the defendants, this court denied the plaintiffs' motion to remand in an April 22, 2008, order. See Record Document 23.

In their current motion for summary judgment, the plaintiffs request that this court reconsider its previous order denying remand, again contending that this court lacks subject matter jurisdiction over their claims. See Record Document 44 at 9. As a lack of subject matter jurisdiction may be raised at any time, this court is obliged to entertain such a request. See In re 1994 Exxon Chem. Fire, 558 F.3d 378, 391 (5th Cir. 2009).

## II. LAW AND ANALYSIS

A.  **The Well-Pleaded Complaint Rule.**

A defendant may remove "any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1441(b). To determine whether a case is one "arising under" federal law, courts generally apply the well-pleaded complaint rule. See PCI Transp., Inc. v. Fort Worth & W. R.R. Co., 418 F.3d 535, 543 (5th Cir. 2005). Under this rule, "a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." Bernhard v. Whitney Nat'l Bank, 523 F.3d 546, 551 (5th Cir. 2008). "[T]he fact that federal law may provide a defense to a state claim is insufficient to establish federal question jurisdiction." Id. at 550.

A defendant seeking removal bears the burden of proving that a federal question exists. See Gutierrez v. Flores, 543 F.3d 248, 251 (5th Cir. 2008). "Because removal raises significant federalism concerns, the removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand." Id.

As mentioned above, the plaintiffs allege that the defendants dug a ditch through a dirt road which provided access to part of their property and in doing so,

inhibited the plaintiffs' access across the right-of-way and cut underlying water and phone lines. See Record Document 1 at 3. In addition to suing for damages, the plaintiffs argue that they

> are entitled to a Preliminary Injunction and finally a Permanent Injunction against the Defendants prohibiting them, their agents, assigns, employees, from, in any way, interfering with the rights of the Plaintiffs, herein, including the right to enter and traverse any right of way at any point on their own respective properties the [r]ight to the total free use and access to their own properties, building or constructing any roads, ditches, culverts or any other constructions on their own property as long as those constructions do not obstruct or cause damage to the L & A Trail, or interfere or impede with the lawful use of the right of way of the L & A Trail.

Record Document 1, Ex. 1 at 3-4. Thus, it is clear that a federal question does not appear on the face of the petition. Nevertheless, this court denied remand because the above language matches portions of the 2007 consent judgment and the plaintiffs' requested relief hinges on an interpretation of the "Rails-to-Trails Act" and its interaction with Louisiana property law. See Record Document 22 at 6. This court concluded: "Given that a substantial question of federal law exists in this case, the plaintiff's motion to remand therefore is **DENIED**." Id.

**B.    Substantial Question Of Federal Law.**

This court concluded remand was improper based on the existence of a substantial question of federal law. As the defendants removed the case on this

6

ground and the plaintiffs are seeking relief under Rule 60, a more thorough analysis of whether a substantial question of federal law exists is necessary. See Record Document 1 at 4.

The defendants rely on Nicodemus v. Union Pac. Corp., 440 F.3d 1227 (10th Cir. 2006) for the proposition that the instant case involves a substantial question of federal law. In Nicodemus, the plaintiff landowners sued Union Pacific for selling to various telecommunication providers the right to install and maintain fiber-optic cables in the right-of-way over their land. See Nicodemus, 440 F.3d at 1233. After determining that the plaintiffs' claims were founded on state law, the court analyzed whether a substantial question of federal law existed. Relying on Grabel & Sons Metal Prods., Inc. v. Darue Eng. & Mfg., 545 U.S. 308, 125 S. Ct. 2363 (2005), the court determined that subject matter jurisdiction was proper as "the contested interpretation of the federal land-grant statutes as between these parties involves a substantial federal issue." Nicodemus, 440 F.3d at 1236. Although Nicodemus certainly supports the denial of remand, it is not binding on this court.

Several months after this court denied remand, the Fifth circuit addressed a nearly identical issue in New Orleans & Gulf Coast Ry. Co. v. Barrois, 533 F.3d 321 (5th Cir. 2008). There, the railroad sued several property owners to enjoin

them from installing or using private, at-grade railroad crossings without a crossing agreement. Some time later, one of the private landowners sued the railroad in Louisiana state court to enjoin it from interfering with the private railroad crossing located on his property. After the state case was removed, it was consolidated with the railroad's previously filed declaratory action. The railroad claimed that the case "arose under" the Constitution and the laws of the United States, which effectively preempted Louisiana state law. The federal district court dismissed the railroad's action and remanded the landowner's action for lack of subject matter jurisdiction. See New Orleans & Gulf Coast Ry. Co. v. Marinovich Barrois, No. 06-0062, 2006 WL 2666303 (E.D. La. Sept. 14, 2006).

In analyzing the issue of subject matter jurisdiction, the Barrois panel first determined that the railroad's declaratory action arose merely as an anticipatory federal defense to a state cause of action. Thus, the panel looked to the character of the threatened action to determine whether there was federal question jurisdiction. See Barrois, 533 F.3d at 329. It then stated that if the landowners had brought coercive actions to claim a right of passage over the railroad tracks, "such actions would arise exclusively under state law." Id.

Next, the panel analyzed whether the Interstate Commerce Commission Termination Act ("ICCTA"), the Federal Railroad Safety Act ("FRSA"), or the Commerce Clause completely preempted the Louisiana statutory scheme for enclosed estate owners. See id. at 330. "Under the complete preemption doctrine, what otherwise appears as merely a state law claim is converted to a claim 'arising under' federal law for jurisdictional purposes because 'the federal statute so forcibly and completely displace[s] state law that the plaintiff's cause of action is either wholly federal or nothing at all.'" Id. (citing Hoskins v. Bekins Van Lines, 343 F.3d 769, 773 (5th Cir. 2003)). The panel then distinguished complete preemption from ordinary preemption, noting "[c]omplete preemption is a 'jurisdictional doctrine,' while ordinary preemption simply declares the primacy of federal law, regardless of the forum or the claim." Barrois, 533 F.3d at 331. The panel stated:

> Routine crossing disputes are *not* typically preempted. Crossing disputes, despite the fact that they touch the tracks in some literal sense, thus do not fall into the category of "categorically preempted" or "facially preempted" state actions. The [Surface Transportation Board] has explained that "[t]hese crossing cases are typically resolved in state courts. . . . [R]outine, non-conflicting uses, such as non-exclusive easements for at-grade road crossings, wire crossings, sewer crossings, etc., are not preempted so long as they would not impede rail operations or pose undue safety risks.

9

Id. at 331-32. The panel concluded that the railroad failed to establish jurisdiction on the basis of "complete preemption."

Finally, the Barrois panel analyzed whether federal question jurisdiction was established because the railroad's claim implicated significant federal issues under Grable & Sons, supra. There, the Supreme Court stated the issue: "does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable & Sons, 545 U.S. at 314, 125 S. Ct. at 2368. The Barrois panel then determined that the railroad failed to meet its burden of raising a significant federal issue sufficient to establish federal question jurisdiction under this doctrine. See Barrois, 533 F.3d at 338. Thus, it seems the Barrios decision, which this court is bound to follow, conflicts with the Tenth Circuit's decision in Nicodemus.

This court is also guided by L & A Trail, Inc. v. Haughton Timber Contractors, Inc., No. 07-0439, 2007 WL 4208965 (W.D. La. Nov. 26, 2007) (Drell, J.). There, L & A Trail sued the defendant timber company for allegedly cutting timber along L & A Trail's right of way. Haughton Timber removed the

case, arguing that the state law claim required an interpretation or application of federal law, specifically the "Rails-to-Trails Act." Ironically, L & A Trials moved to remand, arguing that their claim arose under the Louisiana Timber Code and not under federal law. See L & A Trail, 2007 WL 4208965 at *2.

In his analysis, Judge Drell noted that a complaint "creates federal question jurisdiction when it states a cause of action created by state law and (1) a federal right is an essential element of the claim, (2) interpretation of the federal right is necessary to resolve the case, and (3) the question of federal law is substantial." Howery v. Allstate Ins. Co., 243 F.3d 912, 917 (5th Cir. 2001). He further noted that the fact that L & A Trail's title derived pursuant to the "Rails-to-Trials Act" had minimal bearing on the issue, that the case did not present a substantial question of federal law, and that remand was proper. L & A Trail, 2007 WL 4208965 at *3.

Bound by Barrois and guided by L & A Trail, this court concludes that the defendants failed to establish federal question jurisdiction based on the "significant federal issue" doctrine. As stated by the Supreme Court over eighty years ago:

> The care of grade crossings is peculiarly within the police power of the states, and, if it is seriously contended that the cost of this grade crossing is such as to interfere with or impair economical management

11

of the railroad, this should be made clear. It was certainly not intended by the Transportation Act to take from the states or to thrust upon the Interstate Commerce Commission investigation into parochial matters like this, unless by reason of their effect on economical management and service, their general bearing is clear.

Lehigh Valley R.R. Co. v. Bd. of Pub. Util. Comm'rs, 278 U.S. 24, 35, 49 S. Ct. 69, 72 (1928). Here, the federal forum's entertainment of the plaintiffs' intentional tort claims would disturb the approved balance of federal and state judicial responsibilities. See Grable & Sons, 545 U.S. at 314, 125 S. Ct. at 2368.

### III. CONCLUSION

Based on the foregoing analysis, this case will be **REMANDED** to the Second Judicial District Court, Bienville Parish, Louisiana. All outstanding motions (Record Documents 31 and 44) are **DENIED** as moot.

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 1st day of May, 2009.

JUDGE TOM STAGG